

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

April 17, 2026

<u>By electronic filing</u>

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

> Re: *Esposito v. Refuah Health Center*, No. 25-765
> *Krandle v. Refuah Health Center*, No. 25-766
> Oral argument held February 11, 2026, before
> Judges Cabranes, Nathan, and Merriam

Dear Ms. Wolfe:

The government respectfully writes pursuant to Rule 28(j) to apprise the Court of today's decision in *Chevron USA v. Plaquemines Parish*, No. 24-813 (U.S.), slip op. https://www.supremecourt.gov/opinions/25pdf/24-813_3e04.pdf. The Supreme Court addressed one of the three requirements for a defendant to remove a lawsuit from state court under 28 U.S.C. § 1442(a)(1), namely, whether a suit is "for or relating to any act under color of office." The Court held that "a removing defendant need not show that his federal duties specifically required or strictly caused the challenged conduct." Slip op. 7-8. In doing so, the Court noted that the 2011 amendment to § 1442, which added the phrase "or relating to," "broadened the statute" and thus abrogated the Court's older precedents requiring "a causal connection between the changed conduct and asserted official authority." *Id.* 8 n.3 (quotation marks omitted).[1] But the Court emphasized that a "literalist" interpretation of "relating to" would make it "meaningless"; the phrase "requires a connection that is not tenuous, remote, or peripheral" and does not cover "all suits with any attenuated connection to federal duties." *Id.* at 8-9 (quotation marks omitted).

---

[1] The *Plaquemines* decision thus contradicts this Court's "reject[ion]" of the assertion that "the causal-nexus requirement . . . was abrogated" by the 2011 statutory amendment, *Connecticut ex rel. Tong v. Exxon Mobil Corp.*, 83 F.4th 122, 145 n.7 (2d Cir. 2023), which the government cited in its brief, Gov't Br. 24.

The decision does not significantly affect this case. It has no bearing on the "acting under" requirement, slip op. 2, 7 n.2, which is not satisfied here for the reasons the government has previously articulated. Gov't Br. 14-26; Gov't Reply Br. 2-9. Nor does Refuah have a colorable federal defense, as the government's arguments on the merits demonstrate. Gov't Br. 26-36; Gov't Reply Br. 12-21. Even under the *Plaquemines* test for suits "relating to" acts under color of federal office, Refuah's claims are too "tenuous, remote, or peripheral" to its asserted federal duties to support removal. Gov't Br. 17-18, 23-26; Gov't Reply Br. 7-8.

Thank you for your consideration.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:     /s/ Benjamin H. Torrance
BENJAMIN H. TORRANCE
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: 212.637.2703
E-mail: benjamin.torrance@usdoj.gov

cc: Counsel of record (via electronic filing)